UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FELITA SAMPLE,

    Plaintiff,

v.

NELLA CONGALVES,

    Defendant.
_____/

No. C 11-6127 PJH

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Felita Sample filed this action on December 5, 2011, asserting claims of constitutional violations against defendant Nella Congalves ("Congalves"). Also on December 5, 2011, plaintiff filed a request for leave to proceed in forma pauperis ("IFP"). Because the court finds that the complaint fails to state a claim, the action is dismissed pursuant to 28 U.S.C. § 1915(e).

**DISCUSSION**

A.  Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.  The Complaint

In the complaint, plaintiff alleges that defendant Congalvez, who is the Senior Program Director for Catholic Charities, "banned" her "without a fair hearing," after plaintiff made a complaint about an unruly tenant. Plaintiff asserts that this action violated her First Amendment right to free speech, and her Fifth Amendment right to a fair hearing.

Attached to the complaint is a copy of a letter signed by Nella Congalves, on letterhead bearing the heading "Treasure Island Supportive Housing, Catholic Charities CYO." The letter states that based on "recent incidents," and on "violent disruptive behavior" displayed by plaintiff in the offices of Treasure Island Supportive Housing ("TISH"), plaintiff's right to receive services from TISH was being suspended through January 3, 2012.

C.  Analysis

The court interprets the complaint as alleging claims under 42 U.S.C. § 1983. The court finds that the complaint must be dismissed for failure to state a claim because it does not allege facts showing that defendant is a state actor that can be sued under § 1983.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). It is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

The § 1983 claims against Congalves must be dismissed because plaintiff has not alleged facts showing that Congalves is a state actor. A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (citation and internal quotation marks omitted).

Private individuals generally do not act under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Action taken by private individuals or organizations may be under color of state law, but only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001). Here, plaintiff has alleged no facts showing any close nexus between Congalves (or Catholic Charities) and any government entity.

In addition, while it is not entirely clear which provision of the Fifth Amendment plaintiff intends to assert in this action, a claim of deprivation of due process under the Fifth Amendment can be asserted only against the federal government, not against any other governmental entity. See Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (Fifth Amendment applies "only to actions of the federal government – not to those of state or local governments").

It is (generally) the Due Process Clause of the Fourteenth Amendment that protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process

3

of law. See Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995).  Thus, the Fifth Amendment claim must be dismissed.

## CONCLUSION

In accordance with the foregoing, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915 for failure to state a claim.  The dismissal is WITH LEAVE TO AMEND, to plead facts showing that defendant Congalves is a state actor, and also to assert the due process claim under the Fourteenth Amendment, rather than under the Fifth Amendment.

The amended complaint shall be filed no later than February 1, 2012.

**IT IS SO ORDERED.**

Dated:  January 3, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge